## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 15-7-GMS |
| MATTHEW OPALISKI, | |
| Defendant. | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Elizabeth L. Van Pelt, Assistant United States Attorney, and the Defendant, Matthew Opaliski, by and through his attorney, Eleni Kousoulis, Assistant Federal Public Defender, the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1. By this Plea Agreement, the Defendant agrees to enter a voluntary plea of guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with Unlawful Dealing in Firearms, in violation of 18 U.S.C. § 922(a)(1)(A), 923(a), and 924(a)(1)(D). At or about the time of sentencing, the United States agrees to dismiss the remaining charges in the Indictment: Counts Two, Three, Four, and Five.

2. The Defendant understands that the charge against him in Count One of the Indictment carries with it the following maximum statutory penalties: five (5) years of imprisonment; a $250,000 fine; three (3) years of supervised release; and a $100 special assessment.

1

3. The Defendant understands that if he were to proceed to trial on Count One of the Indictment, the United States would have to prove beyond a reasonable doubt the following elements of the offense to which he is pleading guilty: (1) the Defendant was not licensed to deal firearms; and (2) the Defendant willfully engaged in the business of dealing firearms. The Defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above described elements of Count One of the Indictment.

4. The Defendant is pleading guilty to the charges contained in Count One of the Indictment because he is, in fact, guilty.

5. Provided that the United States does not subsequently learn of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the Defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the Defendant's affirmative acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the Defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the United States agrees to move for the reduction of the Offense Level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

6. The Defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The Defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The District Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the

Defendant expected, or contrary to the recommendation of his attorney or the United States, the Defendant will not be allowed to withdraw his guilty plea on that basis.

7. At the time of sentencing, the United States agrees to recommend a sentence of three (3) years of probation.

8. The Defendant agrees to forfeit all interests in any and all property involved in the offenses charged in the Indictment and/or listed in the Bill of Particulars filed by the government on March 13, 2015 (D.I. 11). The Defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the Defendant will promptly consent to the preliminary order of forfeiture becoming final as to the Defendant before sentencing if requested by the government to do so.

9. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property

covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

10. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

11. The Defendant agrees to pay the Special Assessment of $100 at the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, and if the Defendant is sentenced to a term of incarceration, the Defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.


12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

CHARLES M. OBERLY, III
UNITED STATES ATTORNEY

_____  By:  _____
Eleni Kousoulis, Esquire          Elizabeth L. Van Pelt
Attorney for Defendant            Assistant United States Attorney

_____        Dated: March 24, 2016
Matthew Opaliski
Defendant

AND NOW, this ___24th___ day of ___March___, 2016, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT COURT JUDGE
DISTRICT OF DELAWARE

5