IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal Action No. 15-7-GMS |
| MATTHEW OPALISKI, | : |
| Defendant. | : |

## GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES the United States of America, by and through Charles M. Oberly, III, United States Attorney for the District of Delaware, and Elizabeth L. Van Pelt, Assistant United States Attorney, and files the following sentencing memorandum.

The defendant, Matthew Opaliski, unlawfully sold firearms without a license. He sold an undercover officer four firearms and offered to sell him dozens of others. He expressed indifference about selling guns to individuals who are "half jacked up from dumb shit they did when they were younger," PSR ¶ 19, and repeatedly demonstrated and said that he did not care about federal or state gun laws. See, e.g., PSR ¶ 20 (the defendant mentioned that a particular gun "is a good deal with no paperwork and all that"), ¶ 23 (the defendant admitted that Bushmaster AR rifles are illegal in Maryland but that he did not care), ¶ 25 (the defendant said "they took away private firearms sale" but that "he does not care about that").

The defendant told the Probation Officer that he sold the firearms as a hobby and did not understand that he was breaking the law. PSR ¶ 35. However, that statement is belied by his above recorded statements during transactions with the undercover officer, by the total number of firearms – 63 – that were seized from him during the course of this investigation, and by the fact that he was previously investigated for firearms trafficking in 2001, at which time he told federal agents that he was selling guns as a hobby, not for profit, after which he was repeatedly

advised, in detail, about the federal firearms laws.

Nevertheless, consistent with the plea agreement, the government recommends a downward variance from the Guidelines range to a sentence of three years of probation.[1] (In addition, according to Paragraph 106 of the PSR, a fine, restitution, or community service must be imposed as a condition of probation, unless extraordinary circumstances exist.) This recommendation is primarily based upon the defendant's total lack of criminal history, as well as his own personal history and characteristics, including his ability – over the last eighteen months – to satisfactorily comply with the conditions of pretrial release.

For those reasons, the government respectfully requests the Court impose a sentence of three years of probation. The government submits that this sentence is sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

CHARLES M. OBERLY, III
United States Attorney

_____
Elizabeth L. Van Pelt
Assistant United States Attorney

Dated: July 8, 2016

---

[1] Based on an offense level of 15 and a criminal history category of I, the defendant faces a Guidelines range of 18-24 months. PSR ¶ 102.