IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 15-7-GMS |
| | : | |
| MATTHEW OPALISKI, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Matthew Opaliski, by and through his undersigned counsel, Eleni Kousoulis, Assistant Federal Public Defender for the District of Delaware, submits the following Sentencing Memorandum in support of his July 20, 2016 sentencing hearing.  For the reasons set forth below, Mr. Opaliski respectfully requests a sentence of probation, which is be sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Mr. Opaliski pled guilty to one count of unlawfully dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).  Mr. Opaliski has always had an interest in guns, and, at the time of his arrest in this case, he was an avid shooter with an extensive gun collection worth approximately $35,000.[1]  He began selling guns to enhance his own gun collection.  The offense conduct stemmed from Mr. Opaliski  selling firearms as a hobby, not taking care to make sure that he was complying with the law in selling his firearms.  He realizes that it was wrong of him to sell guns without a license and that his actions were in violation of the law, and he accepts full responsibility for this conduct.

---

[1]The government seized Mr. Opaliski's gun collection at the time of his arrest, and pursuant to the plea agreement in this case Mr. Opaliski agreed to forfeit all interests in the seized firearms.

Mr. Opaliski, 42, grew up in Pennsylvania and moved to Delaware in 2003, where he has lived ever since.  Presently, Mr. Opaliski is married to his high school sweetheart  Ivy, and together they have four children, two of whom live at home with Mr. Opaliski and his wife.  The most important people in Mr. Opaliski's life are his wife and children.  Mr. Opaliski is very active in all of his children's lives, and the present case has put a strain on his relationship with his children, especially his two younger children who live with him and his wife.  Since his arrest in this case, Mr. Opaliski has felt disconnected from his children  as a result of his worrying about the outcome of this case, and the possibility of having to go to jail and being separated from his family.  While his children know that he was arrested for something, they are unaware of the particulars of his case, but they have noticed that Mr. Opaliski has seemed distracted and different since the time of his arrest. This troubles Mr. Opaliski because he does not want his children worrying about him.  Mr. Opaliski wishes to put this case behind him and move on with his life, so that he can go back to giving his family the full and unencumbered attention that they deserve.

Mr. Opaliski has been a hard working, gainfully employed individual for most of his life, up until 2013, when ongoing medical conditions forced him to go on disability.  For ten years prior to going on disability, Mr. Opaliski worked full-time at Ehrlich Pest Control, in Bridgeville, Delaware. However, in 2013, Mr. Opaliski became disabled due to medical issues related to COPD, right-side heart failure, and Type II diabetes.  Prior to his employment at Ehrlich, Mr. Opaliski worked for eight months at Fluor Global, in Seaford, Delaware, as a subcontractor at a DuPont plant. Mr. Opaliski's employment prior to Ehrlich includes working at Purdue for eight years, Dart Container Corporation (Solo Cup) for two years, and Playtex Manufacturing for three years.

In the present case, Mr. Opaliski was released on his own recognizance following his initial

appearance and has fully complied with all of the conditions of his pre-trial release.  Mr. Opaliski has demonstrated through his actions that he is amenable to supervision, and that a sentence of incarceration in not necessary in this case to achieve the goals of sentencing.

As calculated in his PSR, Mr. Opaliski's total offense level is 15 and his Criminal History Category is I.  The corresponding guideline range is 18 to 24 months.  However, Mr. Opaliski respectfully requests a sentence of probation, which would be sufficient, but not greater than necessary, to satisfy the stated goals of sentencing.  It is respectfully submitted that imposing such a sentence would be a proper exercise of the Court's discretion.

A sentence of incarceration is not needed to punish Mr. Opaliski.  The conviction in and of itself will serve to punish him, as it will deprive him of valuable civil rights.  As an avid shooter who believes strongly in his Second Amendment right to bear arms, the fact that he will no longer be able to possess a firearm of any kind will serve to punish Mr. Opaliski, even absent a sentence of incarceration.  Mr. Opaliski also understands the seriousness of his actions and the penalties he will be facing should he engage in this type of conduct in the future, which will also deter him from so doing.  He has also seen the negative impact his involvement in the present offense has had on his family.  Not wanting to put them through anything like this again in the future will also act as a deterrence to Mr. Opaliski, and a sentence of incarceration is unnecessary to achieve the goal of deterrence.

Mr. Opaliski's exemplary conduct while on pre-trial release firmly demonstrates that he is amenable to supervision and that incarceration is also not needed to protect the public. Additionally, Mr. Opaliski has accepted responsibility for his actions in this case, as is evidenced by his guilty plea, which is the first step toward rehabilitation, another purpose of sentencing.  Mr.

3

Opaliski regrets committing this crime and he accepts full responsibility for his actions.

Mr. Opaliski is a loving and involved father and husband, and hard working individual, who does not pose a danger to society.  In the present case, this Court should consider the combination of mitigating factors noted above and in the PSR, in fashioning a sentence that is sufficient, but not greater than necessary, to satisfy the goals of sentencing.  Mr. Opalsiki respectfully submits that a sentence of probation is reasonable in this case and would achieve the goals of sentencing set forth in § 3553(a)(2), by reflecting the nature and seriousness of the offense, by providing punishment and deterrence to future conduct, and by allowing Mr. Opaloiski the ability to put this case behind him and move on with his life**.**

Wherefore, for all of the above-stated reasons, and any other reasons that this Court may find, Mr. Opaliski respectfully requests a sentence of probation, which is sufficient, but not greater than necessary to achieve the goals of sentencing.

Respectfully submitted,

EDSON A. BOSTIC
Federal Public Defender

Dated:  July 12, 2016          By:   */s/  Eleni Kousoulis*
ELENI KOUSOULIS, ESQUIRE
Assistant Federal Public Defender
800 King Street, Suite 200
Wilmington, DE  19801
302-573-6010
de_ecf@fd.org
Attorney for Matthew Opaliski

4